IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JIMMIE LEE SMALL, #1137082 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv140 |
| DIRECTOR, TDCJ-CID | § | |

## **MEMORANDUM OPINION AND ORDER DISMISSING**

Petitioner Jimmie Lee Small, an inmate confined in the Texas prison system, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for disposition of the case. On August 19, 2005, a Report and Recommendation was issued. Subsequently, both parties consented to proceed before the undersigned Magistrate Judge.

Petitioner is in custody pursuant to an aggravated robbery conviction out of the 7th District Court of Smith County, Texas. On October 20, 2002, he was sentenced to 12 years imprisonment. He did not appeal the conviction.

He did not file an application for a writ of habeas corpus in state court until February 21, 2003, and the application was denied on June 18, 2003. *Ex parte Small*, Application No. 38,818-04 at cover, 1. On April 20, 2004, Petitioner filed his second state application for writ of habeas corpus, and the application was dismissed on September 22, 2004, for failure to comply with state procedural rules. *Ex parte Small*, Application No. 38,818-06 at cover, 1, 64. On November 17, 2004, Petitioner filed his third state application for writ of habeas corpus, and the application was dismissed as a statutory abuse of the writ on February 2, 2005. *Ex parte Small*, Application No. 38,818-08 at cover, 2.

The present petition was filed in this Court on April 18, 2005. It is dated April 13, 2005. The Petitioner also declared that he gave the petition to prison officials for mailing on that day. The petition will be deemed filed on April 13, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner is challenging the legality of his conviction and sentence.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes. 28 U.S.C. § 2244(d)(1) imposes a one year statute of limitations for habeas cases filed by state prisoners. The Fifth Circuit discussed the approach that should be taken in applying the one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

In the present case, the Petitioner was sentenced on October 20, 2002. He did not file a notice of appeal, and the conviction became final thirty days later. Tex. R. App. P. 41(b)(1) (Vernon 1989). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. -- San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Under the AEDPA, the one year statute of limitations began running on November 19, 2002. Under the AEDPA, the one year statute of limitations would end on November 19, 2003, absent tolling.

In the present case, Petitioner did not file an application for a writ of habeas corpus in state court until February 21, 2003, and the application was denied on June 18, 2003, tolling the statute of limitations 117 days. *See Ex parte Small*, Application No. 38,818-04 at cover, 1. The statute of limitations was thereby extended to March 15, 2004.

Petitioner filed his second state application for writ of habeas corpus on April 20, 2004, which was more than one month beyond the deadline. The pendency of the second state

application, and of the subsequent third state application, thus did not toll the deadline.

The present petition was filed on April 13, 2005, which was over a year too late. Petitioner has not shown that any of the other provisions of § 2244(d) or principles of equitable tolling save his petition. Consequently, the Court must conclude that the petition is barred by the one year statute of limitations. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**; and

**ORDERS** that all motions not previously ruled on are denied.

So **ORDERED** and **SIGNED** this **30** day of **August, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE